IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

AMY GOLEY                                                              PLAINTIFF

VS.                                                    CIVIL ACTION NO. 15-277

ELWOOD STAFFING INC.
MARK S. ELWOOD;                                    DEFENDANTS
MICHAEL STOCKARD, JR.;
LISA ELLIOTT;

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDIVIDUAL DEFENDANTS[1]

Plaintiff, Amy Goley, submits this, her Response in Opposition to Defendant's Motion to Dismiss Individual Defendants and in support thereof would show unto the Court the following:

### I. Introduction

Defendants have moved to dismiss the individual defendants in this matter pursuant to Fed. R. Civ. P. 12(b)(6), on the alleged grounds that the Amended Complaint fails to state a claim on which relief can be granted. Despite basic law that the only relevant facts to be considered on such a motion are those found in the "four corners" of the complaint, Defendants, in their Motion to Dismiss, have made repeated, derogatory, and baseless comments regarding Ms. Goley and what

---

[1] Pursuant to Order of this Court, Plaintiff was ordered to file a response to the Motion to Dismiss two days ago this past Friday, May 20, 2016, and Plaintiff intended to and was attempting to file this Response that evening. However, technical and other difficulties Friday evening resulted in the two-day delay until today, Sunday, May 22, 2016, for this Response to be filed through the Court's ECF system. Plaintiff sincerely apologizes to the Court for the delay and will submit a separate motion to request those additional two days for filing should the Court deem it necessary, but would request that the Court consider this as a motion or request for a two-day extension and grant it given the circumstances. The two-day delay also fell over a weekend outside of business hours thus minimizing any risk of prejudice to any party or inconvenience to the Court.

Defendants claim she has done—comments without one shred of evidentiary support in this record and which have nothing to do with the merits of this motion.[2]

This is not a motion for summary judgment, despite Defendants' attempt to turn it into one. Applying the standards applicable on such a motion, it is plain that Plaintiff has sufficiently alleged defamatory conduct on the part of each of the Defendants, as well as intentional invasion of privacy.[3] Moreover, given the Defendants' interjection of many serious, derogatory and harmful assertions against Plaintiff in their Motion, Plaintiff respectfully requests that the Court hold a hearing on this matter at its earliest convenience to give this important Motion close scrutiny.

## II. Factual Allegations

This is an employment discrimination case in which Ms. Goley alleges that the Defendants intentionally terminated her employment on the basis of a perceived disability in violation of the ADA and other applicable laws. As alleged in the Amended Complaint, the perceived disability is alcoholism, a recognized disability under the ADA. Ms. Goley has been a recovering alcoholic for a number of years and has been an active member in the recovering community. She was employed by a staffing company in Flowood, Mississippi that was purchased by the Defendant Elwood Staffing. As an employee, Ms. Goley's performance was exemplary. Indeed, soon after Elwood purchased Ms. Goley's former employer, Elwood offered Ms. Goley a promotion and she moved to Oklahoma for that position.

---

2 Comments regarding alleged "inappropriate conduct," "making suggestive comments to customers," "erratic" behavior, giving out "inappropriate items", "misconduct," and the like. These gratuitous slanders against Ms. Goley have no place in this Motion, are irrelevant to the legal standards being applied, and are nothing other than an attempt to further besmirch her reputation as Defendants have proven themselves so capable of doing in the past.

3 Plaintiff also requests that the Court grant Plaintiff leave to amend the Complaint to assert a claim of intentional and negligent infliction of emotional distress.

Not long after she began working for Elwood, Ms. Goley was in a meeting in which her superiors were consuming alcohol. Noticing that she was not partaking, they asked her why. She then informed them that she was a recovering alcoholic and did not drink. Ms. Goley's relationship with her superiors changed immediately and for the worst. Suddenly her offered promotion rescinded. She was promised various and sundry positions, none of which ever materialized. She was treated in a blatantly discriminatory manner. Despite having been promised a significant management position in Oklahoma, Ms. Goley was instead given lesser positions within the company. Nevertheless, she continued to excel despite Defendants' attempts to damage her reputation.

Goley was later sent to an oil show in Texas as an Elwood representative. During that trip, some Elwood employees she did not previously know informed their superiors that they thought Ms. Goley had "fallen off of the wagon" because of some practical jokes (it was Halloween) she played on individual oil men at the show, many of whom she had known for years and who will testify on her behalf. Ms. Goley had not consumed any alcohol, however. Additionally, upon her arrival in Odessa Ms. Goley was informed that a major Elwood account had not been serviced properly and she went without sleep for almost two days in order to correct the problem. All of these allegations are easily demonstrated with email correspondence and other documents that are contained within the discovery unearthed in this case thus far. But this is a motion to dismiss for failure to state a claim, and those documents are not relevant at this point in the litigation. Equally irrelevant are the baseless and improper "factual assertions" made by Defendants in their motion to dismiss without any support at all.

Upon Ms. Goley's arrival at the airport returning home from the oil show she was immediately terminated and told it was because she just was not a "right fit" for the company. According to email correspondence, the Defendants were elated to have an excuse to fire Ms. Goley. This termination was done in direct violation of corporate policy for such circumstances. However, when she later submitted her application for unemployment benefits they were denied because Elwood alleged she had been terminated for cause because of her allegedly "falling off the wagon" at the oil show. Ms. Goley has numerous witnesses from the oil show who will testify as to her continued sobriety and in fact she remains so to this day. There are also numerous witnesses who have heard the defamatory comments from the Defendants who have not yet been deposed or asked a single question. It is impossible for Defendants to know what will be learned in discovery. They merely seek to short-circuit the process. The Amended Complaint, in extreme detail, sets forth "plausible" claims against Defendants and the Motion to Dismiss should be denied.

### III. Plaintiff's Complaint Sets Forth Plausible Claims of Defamation Invasion of Privacy Against Defendants

The facts set out in this case in regard to the Defendant's Motion to Dismiss must be viewed in a light most favorable to the Plaintiff. Essentially, all facts in the case must be construed as true. It is clear that the Defendants actions as set out in the Complaint constitute Defamation and warrant a denial of the Defendant's Motion to Dismiss.

As the Complaint plainly states, and as Defendants admit in their memorandum, Defendant Stockard made the statement to a Regional Sales Manager that he and others believed that the Plaintiff had "fallen off the wagon." Subsequent to the trip to the Odessa oil show, Defendants terminated her employment because they unreasonably believed, based on hearsay and without so

4

much as a conversation with Ms. Goley, that she had done so and they had an excuse to fire her. Documentary evidence unearthed in discovery will demonstrate that Ms. Goley did nothing wrong, and that each of these Defendants were involved in her wrongful termination and are reasonably believed to have uttered the same defamatory comments to others that Stockard had so freely made. Plaintiff need not prove her whole case in the complaint. It is sufficient that she set forth a plausible claim for relief as she so clearly has done here.

Defendants assert "qualified immunity" on this claim because, according to the Motion, the comments were only made "among management." However, Defendants failed to raise the affirmative defense of immunity in their answer and have consequently waived it, having participated in this litigation for almost 9 months without so much as mentioning it. "Central to requiring the pleading of affirmative defenses is the prevention of unfair surprise." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987); *see also Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) ("[A] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.") (quoting Ingraham v. United States, 808 F.2d 1075, 1079 (5th Cir. 1987)).

Additionally, a statement concerning an employee is conditionally privileged only if the statement is communicated among persons with a mutual interest in the statement's subject matter or if the person making the statement has a duty or obligation to disclose the statement to a third party. Restatement (Second) of Torts § § 595-96 (1976). Here, Ms. Staggs, the original recipient of the defamatory comments, was a sales supervisor in Mississippi. Ms. Goley had already moved to Oklahoma. There was no need for Stockard to publish his defamatory comments to Ms. Staggs about Ms. Goley's perceived disability, any more than they should have been discussing someone

else's diabetes. But it appears undisputed he they did so. Resolution of this issue belongs to a jury, not on a motion to dismiss.

Moreover, even if an employer proves that a defamatory statement is subject to a qualified privilege, then the employee may still avoid the defense by proving it was made with actual malice. Harty, Frank B., Employment Torts: Emerging Areas of Liability, 39 Drake L. Rev. 3, 47 (1989-90). Based on the evidence here, this, again, is a question for the jury, not for a motion to dismiss.

The same analysis applies to Plaintiff's claim for invasion of privacy. Ms. Goley's Amended Complaint plainly sets forth sufficient facts to make a plausible claim that Defendants intentionally made public private facts about Ms. Goley and put her forth to the public in a false light. The evidence should be presented to the jury on these claims, or at least fully developed and subject to testing on a motion for summary judgment before being dismissed on their face as Defendants claim.

## CONCLUSION

For these reasons, Plaintiff Amy Goley requests that the Defendants' Motion to Dismiss be denied.

RESPECTFULLY SUBMITTED this the 22nd day of May, 2016.

                                                                       PLAINTIFF AMY GOLEY,
                                                                       By Her Attorney,

                                                                       BY: __/s/ Bradley S. Clanton_____
                                                                       BRADLEY S. CLANTON; MSB 10505

Bradley S. Clanton
CLANTON LEGAL GROUP, PLLC

P.O. Box 4781
Jackson, MS 39296
Direct (601) 454-8794
Toll Free: (844) 425-2686
Facsimile: (866) 421-991

## **CERTIFICATE OF SERVICE**

I, Brad Clanton, do hereby certify that I have this day served via the Court's ECF filing system, a true and correct copy of the above and foregoing document to all counsel of record.

SO CERTIFIED this the 22nd day of May, 2016

BY: __/s/ Bradley S. Clanton_____
       BRADLEY S. CLANTON; MSB 10505