UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMY GOLEY                                                                                          PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:15cv277-DPJ-FKB

ELWOOD STAFFING, INC.; MARK S.                                                         DEFENDANTS
ELWOOD; MICHAEL STOCKARD, JR.;
and LIA ELLIOTT

ORDER

This case is before the Court on the Motion to Dismiss [20] and the Motion to Strike [32] filed by Defendants Mark S. Elwood, Michael Stockard, Jr., and Lia Elliott. For the reasons that follow, the motion to dismiss is granted in part and denied in part, and the motion to strike is denied.

I.     Facts and Procedural History

Plaintiff Amy Goley ("Goley"), a recovering alcoholic, began her employment with SOS Employment Group in August 2012. In January 2013, Defendant Elwood Staffing, Inc. ("Elwood Staffing") purchased SOS. Goley then worked for Elwood Staffing until October 24, 2014, when Elwood Staffing terminated her employment. Believing that Elwood Staffing terminated her as a result of her disability or perceived disability (alcoholism), Goley filed this lawsuit against Elwood Staffing; Mark S. Elwood ("Elwood"), its CEO; Michael Stockard, Jr. ("Stockard"), Elwood Staffing's Senior Vice President; and Lia Elliott ("Elliott"), Elwood Staffing's in-house counsel. The Complaint [1] states claims under the Americans with Disabilities Act ("ADA") for discrimination, retaliation, and harassment, as well as state-law claims for defamation and tortious invasion of privacy.

Elwood, Stockard, and Elliott (collectively, "the Individual Defendants") filed their motion to dismiss on January 12, 2016. Goley failed to timely respond, and on May 12, 2016, the Court entered a Show Cause Order [28] directing Plaintiff to respond to the Individual Defendants' motion on or before Friday, May 20, 2016. Goley missed that deadline too, and filed her belated response [29] on Sunday, May 22, 2016. The Individual Defendants filed a rebuttal [34] in support of their motion as well as a motion [32] to strike Goley's late response. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.  Analysis

　　A.　　Motion to Strike

The Individual Defendants urge the Court to strike Goley's belated response to their motion to dismiss, noting that she missed both her original response deadline, necessitating the entry of a Show Cause Order, and the deadline set by that order.[1] The Individual Defendants correctly note that Goley failed to file a motion under Federal Rule of Civil Procedure 6(b)(1)(B) to extend the deadline set in the Show Cause Order and she instead asked in a footnote in her response that the Court "consider [her late response] as a motion or request for a two-day extension and grant it given the circumstances." Pl.'s Resp. [29] at 1 n.1. Those "circumstances" are unspecified "issues with a computer" her counsel experienced in attempting to file her response by the May 20, 2016 deadline. Pl.'s Mem. [36] at 4. This request in a

---

[1]Goley's response to the motion to strike indicates that the initial failure to respond was based on an understanding between counsel "that at least some of the issues in [the Individual Defendants'] Motion [to Dismiss] might be resolved without the necessity of the intervention of the Court." Pl.'s Mem. [36] at 1. In rebuttal, the Individual Defendants deny any such agreement. Rebuttal [37] at 1 n.1. Assuming an agreement to delay Goley's response deadline existed, the Court was unaware of it and could have ruled on the motion without the benefit of a response from Goley. The better practice, therefore, is to move for additional time to respond.

2

footnote in her response fails to comply with local rules. *See* L.U. Civ. R. 7(b) ("Any written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion in the form prescribed by this Rule."); *id.* R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response.").[2]

While the Court shares the Individual Defendants' frustration with Goley's failures to meet deadlines and follow local rules, the Court will excuse the late filing at this stage. Goley's response to the Show Cause Order was filed prior to the business day following Goley's deadline, and there was no prejudice. The Court also prefers to have a response from the plaintiff where a defendant seeks dismissal. That said, the Court will not be as forgiving if Goley misses additional deadlines in the case. The motion to strike is denied.

    B.    Motion to Dismiss

        1.    Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

---

[2]Similarly, Goley's request in footnote three of her response "that the Court grant Plaintiff leave to amend the Complaint to assert a claim of intentional and negligent infliction of emotional distress"—coming more than nine months after the deadline to amend pleadings established by the Case Management Order—is not properly before the Court.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Goley premises large swaths of her response on factual arguments that are not reflected in the operative complaint. She promises, for example, that certain unidentified documents or testimony will produce a jury question. To be clear, the Court has not considered the factual assertions in either parties' briefs unless they are found on the face of the complaint. *See* Fed. R. Civ. P. 12(d).

2.  Analysis

At the outset, the Court must identify the operative pleading. In her response, Goley repeatedly refers to the Amended Complaint. But Goley has not filed an Amended Complaint. Instead, on August 31, 2015—the deadline for motions to amend under the Case Management Order—Goley filed a motion to amend attaching a Proposed Amended Complaint. Mot. to Amend [17]. The Court granted the motion in a September 18, 2015 Text Order, which provided: "Plaintiff shall file her amended complaint within fourteen (14) days of the date of this order." Sept. 18, 2015 Text Order. Goley never filed the Amended Complaint. Nevertheless, the Individual Defendants, "out of an abundance of caution" addressed the allegations in the Amended Complaint. Defs.' Mem. [21] at 11.

While Goley certainly should have complied with Judge Ball's directive and separately filed her Amended Complaint having received leave to do so, the Court will consider the Amended Complaint [17-1] as the operative pleading. *See Smith v. City of Gulfport, Miss.*, No. 1:09cv423-HSO-JMR, 2011 WL 5035976, at *2 (S.D. Miss. Oct. 21, 2011). But according to the Individual Defendants, that Complaint still fails to state claims against them for: (1) violations of the ADA; (2) defamation; or (3) invasion of privacy.

a.  ADA

The Individual Defendants assert that they are not employers under the ADA and cannot be held liable thereunder. For her part, Goley does not address the argument, so she has effectively abandoned the ADA claims against the Individual Defendants. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). The motion is granted as to those claims.

### b. Defamation

To establish a prima facie defamation case, Goley

> must show: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Simmons Law Grp. P.A. v. Corporate Mgmt., Inc.*, 42 So. 3d 511, 517 (Miss. 2010) (quoting *Moon v. Condere Corp.*, 690 So. 2d 1191, 1195 (Miss. 1997)). Goley's defamation claim is based on her assertion that "Defendants . . . told Plaintiff's coworkers that Plaintiff had 'fallen off the wagon' and was abusing alcohol." Am. Compl. [17-1] ¶ 73. But a review of the factual averments of the Amended Complaint reveals that Goley charges only Stockard with making such a statement, *id.* ¶ 28; no allegedly defamatory remarks are attributed to Elwood or Elliott. The defamation claim is dismissed as to those defendants.

As to Stockard, Goley alleges that he "had ridden home from [a] sales convention" with Kim Staggs, a regional sales manager. *Id.* ¶¶ 22, 28. During that car ride, Stockard "discussed the potential for Goley's falling 'off the wagon' as a worry in her employment." *Id.* ¶ 28; *see also id.* ¶ 23 (recounting that Skaggs spoke to Goley's co-workers and expressed "that managers thought Goley had 'fallen off the wagon' because of her weight loss and high energy at [a] sales conference"). So, while Goley's history of alcoholism was well known according to her, the "false and defamatory statement" was that she had "fallen off the wagon."

Stockard contends that Goley cannot establish the second element of a defamation claim—"an unprivileged publication to a third party"—because the statement was privileged. Specifically, Stockard contends that his statement is covered by qualified privilege under

Mississippi law. *See Barmada v. Pridjian*, 989 So. 2d 359, 362 (Miss. 2008). But assuming the privilege applies, it may be "overcome by malice, bad faith, or abuse." *Id.* Here, Goley has pleaded that Stockard's statement was "malicious . . . ." Am. Compl. [17-1] ¶ 74. And "[m]alice . . . and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Because Goley has effectively pleaded around the sole basis for dismissing the defamation claim offered by Stockard, Stockard's motion is denied as to the defamation claim.[3]

                c.        Invasion of Privacy

Finally, Goley bases her invasion-of-privacy claim on her allegation that "Defendant intentionally publicized Plaintiff's private medical information by releasing it to her coworkers." Am. Compl. [17-1] ¶ 85. She does not specify which of the Individual Defendants disclosed her private medical information, and the only possible factual basis for the claim is the averment that Stockard made reference to Goley's alcoholism to Skaggs. Because there is no factual basis for finding Elwood or Elliott liable for invasion of privacy, the claim against them is dismissed.

Goley contends that her allegations state a claim for invasion of privacy under two of the methods of proving such a claim: public disclosure of private facts and holding another to the

---

[3]Goley also responds that qualified privilege is an affirmative defense that Stockard should have raised in his answer and that his failure to do so waives the defense. The Court disagrees. An affirmative defense "is properly concerned with the pleading of a matter not within the plaintiff's prima facie case, that is, pleading matter to avoid plaintiff's cause of action." *Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112, 1118 (5th Cir. 1983) (citation and quotation marks omitted). On the other hand, a so-called "negative defense . . . tends to disprove one or all of the elements of a complaint" and is "governed by [Federal] Rule [of Civil Procedure] 8(b) . . . ." *Id.* Because Goley has the burden to establish "unprivileged publication," Stockard's "defense" that his publication was privileged is a negative defense and is not waived by failure to affirmatively plead it under Rule 8(c).

public in a false light.  *See McCorckle v. McCorckle*, 811 So. 2d 258, 268 (Miss. Ct. App. 2001) (citing *Deaton v. Delta Democrat Publishing Co.*, 326 So. 2d 471, 473 (Miss. 1976)).[4]

Looking first to the public-disclosure-of-private-facts species of invasion of privacy, a claim arises when the defendant "'gives publicity'" to a private matter.  *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 306 (Miss. 2005) (quoting *Young v. Jackson*, 572 So. 2d 378, 382 (Miss. 1990)).  "Publicity" requires "'communicat[ion] to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.'"  *Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 396 (Miss. 2001) (quoting Restatement (Second) of Torts § 652D cmt. a)).  Goley makes no allegation that Stockard communicated his statement to "the public at large"; instead, she avers only that he disclosed the fact to one person.  Goley's allegations do not state a claim for public disclosure of private facts.  *Id.*

To state a false-light invasion-of-privacy claim, Goley must show:  "(a) the false light in which [she] was placed would be highly offensive to a reasonable person, and (b) [Stockard] had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which [Goley] would be placed."  *Cook v. Mardi Gras Casino Corp.*, 697 So. 2d 378, 382 (Miss. 1997).  As with the public-disclosure-of-private-facts claim, "[t]he tort of false light

---

[4]The sum total of Goley's argument in support of the claim is as follows:

> The same analysis [as applicable to the defamation claim] applies to Plaintiff's claim for invasion of privacy.  Ms. Goley's Amended Complaint plainly sets forth sufficient facts to make a plausible claim that Defendants intentionally made public private facts about Ms. Goley and put her forth to the public in a false light.  The evidence should be presented to the jury on these claims, or at least fully developed and subject to testing on a motion for summary judgment before being dismissed on their face as Defendants claim.

Pl.'s Resp. [29] at 6.

also requires[] 'publicity' . . . ." *McGrath v. Empire Inv. Holdings, LLC*, No. 1:11cv209-A-S, 2013 WL 85205, at *6 (N.D. Miss. Jan. 7, 2013); *see* Restatement (Second) of Torts § 652E ("One who gives *publicity* to a matter concerning another that places the other before the public in a false light is subject to the other for invasion of his privacy . . . ." (emphasis added)). As noted above, Goley does not allege that Stockard communicated the suggestion that she had "fallen off the wagon" to the public at large. The false-light claim against Stockard therefore fails under Rule 12(b)(6).

III. Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the Individual Defendants' Motion to Dismiss [20] is granted in part. The ADA claims against Elwood, Stockard, and Elliott are dismissed with prejudice, and the state-law claims against Elwood and Elliott, as well as the invasion-of-privacy claim against Stockard, are dismissed without prejudice. *See Piotrowski v. City of Hous.*, 51 F.3d 512, 518 n.14 (5th Cir. 1995) (explaining dismissal without prejudice is appropriate where the dismissal is based on pleading deficiency).[5] The motion is denied as to the defamation claim against Stockard. Finally, the Individual Defendants' Motion to Strike [32] is denied.

**SO ORDERED AND ADJUDGED** this the 1st day of July, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[5]The Court will leave to Goley whether she chooses to seek leave to amend, out of time, to attempt to cure the pleading deficiencies as to the state-law claims against Elwood and Elliott and the invasion-of-privacy claim against Stockard.